IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BMO HARRIS BANK, N.A.**                                                                          **PLAINTIFF**

v.                                   Case No. 1:18-cv-00042-KGB

**MID-ARK UTILITIES & RIG**
**SERVICES, INC.,** *et al.*                                                         **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are plaintiff BMO Harris Bank, N.A.'s ("BHB") motions for entry of default as to defendants Mike Penney and Mid-Ark Utilities & Rig Services Inc. ("Mid-Ark") and a motion for summary judgment against separate defendant Lonnie Graham (Dkt. Nos. 20, 26, 27). For the reasons set forth below, the Court denies without prejudice the motion for default judgment against Mr. Penney, denies without prejudice the motion for default judgment against Mid-Ark, and grants the motion for summary judgment against Mr. Graham (Dkt. Nos. 20, 26, 27).

**I.**     **Summary Judgment Motion**

Before the Court is BHB's motion for summary judgment as to separate defendant Mr. Graham (Dkt. No. 27). Mr. Graham has not responded, and the time to do so has passed.

    **A.**     **Findings of Fact**

The Court adopts the following findings of fact as set forth in BHB's statement of undisputed material facts attached to its motion for summary judgment against Mr. Graham (Dkt. No. 27-4). Mid-Ark entered into a Loan and Security Agreement (the "Agreement") with BHB in the total amount of $312,207.00 for the purchase of certain Equipment (the "Equipment") (*Id.*, ¶ 1). Pursuant to the Agreement, Mid-Ark agreed to make monthly payments for the purchase of the Equipment beginning on or about March 1, 2016, for a term of 60 months (*Id.*, ¶ 2). Pursuant to the Agreement, Mid-Ark was obligated to pay a minimum monthly payment of $5,203.45 (*Id.*,

¶ 4). Pursuant to paragraph 5.1 of the Agreement, Mid-Ark would be in default if the "Debtor" fails to pay when due any amount owed by the "Debtor" to BHB under the Agreement (Dkt. No. 27-4, ¶ 5). Further, pursuant to paragraph 5.2 of the Agreement, upon default, BHB may "declare the indebtedness hereunder to be immediately due and payable." (*Id.*, ¶ 6). The Agreement was signed by Mr. Penney in his capacity as President of Mid-Ark (Dkt. No. 27-2, at 10).

On or about December 29, 2015, Mr. Graham executed a Continuing Guaranty (the "Graham Guaranty") (Dkt. No. 27-4, ¶ 7). Pursuant to the Graham Guaranty, Mr. Graham agreed to the prompt payment and performance of all obligations, liabilities, and undertakings of Mid-Ark to BHB (*Id.*, ¶ 8). Mr. Graham entered into a valid written contract with BHB to induce BHB to extend credit to Mid-Ark, whereby he personally guaranteed Mid-Ark's prompt payment of all amounts owed to BHB, including all of Mid-Ark's then-existing and future obligations, debts, and liabilities to BHB (Dkt. No. 27-4, ¶ 9). By executing the Graham Guaranty, Mr. Graham guaranteed the repayment of all amounts due under the Agreement and expressly agreed, and is obligated, to pay BHB's reasonable attorney fees and cost of any action instituted upon Mid-Ark's default (*Id.*, ¶ 10). The Guaranty states that it "is an absolute and unconditional guarantee of payment and not of collectability" (Dkt. No. 27-2, at 13).

On or about December 1, 2017, Mid-Ark defaulted under the terms of the Agreement by failing to make the minimum monthly payment (Dkt. No. 27-4, ¶ 11). Mr. Graham defaulted on his contractual obligations by failing to pay said amount upon Mid-Ark's default (*Id.*, ¶ 12). All the Equipment was surrendered to BHB and then sold in a commercially reasonable manner (*Id.*, ¶ 13). As a result of Mr. Graham's default, BHB has sustained significant damages in the amount of $128,623.33, plus BHB's attorneys' fees, legal expenses, and other costs (*Id.*, ¶ 14).

### B. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* at 323. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Id.*

A party seeking summary judgment always bears the initial responsibility of informing this Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Id.* One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and it should be interpreted in a way that allows it to accomplish this purpose. *Id.* at 324.

Federal Rule of Civil Procedure 56(e) allows for the possibility that a party may fail to respond to another party's assertion of fact, or, in this case, not respond to any of the assertions presented in the motion for summary judgment and accompanying filings. In this situation, the

court may consider the facts undisputed or may "grant summary judgment if . . . the movant is entitled to it [.]" Fed. R. Civ. P. 56(e).

The court must still determine whether summary judgment is appropriate, regardless of whether the adverse party failed to respond. *See United States v. One Parcel of Real Property Located at 9638 Chicago Heights, St. Louis, Missouri*, 27 F.3d 327, 329 n.1 (8th Cir. 1994).

**C.     Analysis**

The Court concludes that, based upon Mr. Graham's lack of response to the motion for summary judgment and lack of response to the statement of undisputed material facts, BHB is entitled to summary judgment as to its claims against Mr. Graham. Pursuant to Rule 56(e), the Court considers the facts alleged by BHB undisputed (Dkt. No. 27-4). Under the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1(c). Because there is no genuine issue of material fact in dispute as to the claims against Mr. Graham, BHB is entitled to judgment as a matter of law on those claims pursuant to Federal Rule of Civil Procedure 56.

No genuine dispute exists that Mid-Ark executed the Agreement that is attached to BHB's complaint (Dkt. No. 27-4, at ¶ 1). No genuine dispute exists that Mid-Ark defaulted under that Agreement (*Id*., ¶ 11). Further, there is no genuine dispute that Mr. Graham executed the Graham Guaranty and thereby agreed to pay all amounts due under the Agreement (*Id*., ¶¶ 8-10). There is also no genuine dispute that Mr. Graham failed to pay the defaulted amount under the Agreement after Mid-Ark failed to pay (*Id*., ¶ 12). As to the amount of damages to which Mr. Graham is liable under the Agreement and the Graham Guaranty, there is no genuine dispute that the Equipment

4

was sold and that the proceeds from that sale were applied to the total unpaid balance under the Agreement, and there is similarly no genuine dispute that Mr. Graham's indebtedness under the Agreement and the Graham Guaranty totals $128,623.33, plus BHB's attorneys' fees, legal expenses, and other costs (*Id.*, ¶ 14).

As to the fact that Mr. Penney in his individual capacity has filed for Chapter 7 bankruptcy, "[t]he automatic stay does not, in general, apply to actions against third parties." *Nat'l Bank of Ark. v. Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *see In re Triad Construction Co., Inc.*, 545 B.R. 597, 604 (W.D. Mo. Bankr. 2016) (stating that "[i]t is universally acknowledged that an automatic stay of proceeding accorded by § 362 [(a)(1)] may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor . . . .") (quoting *Lynch v. Jones-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983)). Furthermore, the Graham Guaranty is an "absolute and unconditional guarantee of payment and not of collectability." (Dkt. No. 27-2, at 13). Accordingly, the Court concludes that, due to Mid-Ark's default, BHB may proceed against the Graham Guaranty without pursuing collection against Mid-Ark or Mr. Penney.

Accordingly, the Court grants BHB's motion for summary judgment as to separate defendant Mr. Graham (Dkt. No. 27). Mr. Graham is therefore liable to BHB for $128,623.33, plus BHB's attorneys' fees, legal expenses, and other costs.

**II.     Motions For Default Judgment**

Also pending before the Court are BHB's motions for default judgment against Mr. Penney and Mid-Ark (Dkt. Nos. 20, 26). Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted).

First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

To consider a motion for default under Rule 55(a), the clerk requires an affidavit or affirmation setting forth proof of service, including the date thereof; a statement that no responsive pleading has been received within the time limit set by the Federal Rules of Civil Procedure or as fixed by the Court; and a statement that the defendant against whom default is sought is not a minor, incompetent, or in military service as required by 50 U.S.C. § 3931.

### A. Default Judgment Against Mr. Penney

As to BHB's motion for default judgment against Mr. Penney, the Court notes that a notice of bankruptcy has been filed which indicates that Mr. Penney has declared bankruptcy (Dkt. No. 28). Pursuant to the automatic stay under 11 U.S.C. § 362, the Court denies without prejudice BHB's motion for a default judgment against Mr. Penney (Dkt. No. 20). If BHB is granted relief from the automatic stay as to Mr. Penney or if there is some other basis for the Court's consideration of this motion for default judgment against Mr. Penney, BHB may file a request with the Court seeking reconsideration of this Order and BHB's request for default judgment against Mr. Penney.

### B. Default Judgment Against Mid-Ark

The Court denies BHB's motion for default judgment against Mid-Ark (Dkt. No. 26). The Clerk has entered a default against Mid-Ark (Dkt. No. 25). Once a defendant is in default, the factual allegations of the complaint, "except those relating to the amount of damages, will be taken

6

as true." 10A Charles Alan Wright *et al*., *Federal Practice and Procedure* § 2688 (3d ed.). When moving for default judgment, a plaintiff must prove its entitlement to the amount of monetary damages requested, and the Court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 6 (D.D.C. 2008). "Entry of a default judgment . . . [is] committed to the sound discretion of the district court. Default judgments, however, are not favored by the law." *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal citations and quotation marks omitted).

The Court denies BHB's motion for default judgment against Mid-Ark because the representations made in the motion do not square with the representations made in BHB's motion for summary judgment against Mr. Graham. The Court notes that, as an initial matter, BHB in its complaint sued Mid-Ark, Mr. Penney, and Mr. Graham each for the amount of $199,398.26 plus BHB's attorneys' fees, legal expenses, and other costs (Dkt. No. 1). Specifically, in support of its motion for summary judgment against Mr. Graham, BHB has produced the Agreement executed by Mid-Ark for the purchase and financing of the Equipment and the affidavit of Kimberly Mundt, a litigation specialist for BHB (Dkt. No. 26-2, at 1-12). Ms. Mundt states that BHB requests a default judgment against Mid-Ark in the amount of $199.398.26. One of the submitted documents, titled "LOAN DAMAGE CALCULATOR," establishes that Mid-Ark owes a principal balance of $181,756.76, repossession fees of $7,357.71, interest in the amount of $8,982.94, and late charges

7

in the amount of $1,300.85 (*Id.*, at 12). In sum, this document establishes Mid-Ark's indebtedness in the total amount of $199,398.26 (*Id.*).

These documents submitted in support of the request for default judgment against Mid-Ark do not appear to take into account the sale of the Equipment and the subsequent application of the proceeds from that sale against the outstanding balance, as described in the documents supporting the motion for summary judgment as to Mr. Graham. Based upon the documents submitted in support of the motion for summary judgment, the Court is concerned that a default judgment against Mid-Ark in the amount of $199,398.26 would overstate the outstanding balance and contradict the other record evidence before the Court. For these reasons, the Court denies without prejudice BHB's motion for default judgment against separate defendant Mid-Ark (Dkt. No. 20).

### III. Conclusion

For the foregoing reasons, the Court denies without prejudice the motion for default judgment against Mr. Penney, denies without prejudice the motion for default judgment against Mid-Ark, and grants the motion for summary judgment against Mr. Graham (Dkt. Nos. 20, 26, 27). No judgment is entered by the Court at this time, as all claims against all defendants have not yet been resolved.

It is so ordered, this the 3rd day of September 2019.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge